FILED

10/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0498

DA 16-0498

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 250N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TERRY LEE ALLISON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                 In and For the County of Rosebud, Cause No. DC 15-18
                 Honorable Michael B. Hayworth and Honorable Nickolas C. Murnion,
                 Presiding Judges

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant
            Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
            Assistant Attorney General, Helena, Montana

            C. Kristine White, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:  September 13, 2017

Decided:  October 10, 2017

Filed:

_____
                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Terry Allison appeals his conviction for Driving Under the Influence from the Sixteenth Judicial District Court. We reverse.

¶3      A Montana Highway Patrol trooper approached a vehicle with out-of-state plates legally parked in a remote public campground on a warm spring day. The trooper found Terry Allison in the driver's seat with the keys in the ignition. In response to the trooper's inquiries into Allison's welfare, Allison said he was getting drunk. Based on Allison's response and the trooper's own observations, the trooper arrested Allison for Driving Under the Influence in violation of § 61-8-401(1)(a), MCA. Allison filed a motion to suppress the evidence against him and to dismiss the charges. He argued that the officer had no "particularized suspicion" of criminal activity or "objective, specific and articulable facts" that Allison was in need of aid before seizing him. The State argued to the District Court that the community caretaker doctrine justified the seizure, because the out-of-state license plates, the quick movements in the van, the dark tinted windows, and the remote location were sufficient to lead the trooper to believe that the occupant of the vehicle may need assistance. The District Court agreed with the State

2

and denied the motion. Following a one-day trial, a jury found Allison guilty. Allison appeals the District Court's denial of his motion to suppress.

¶4 We review a district court's decision on a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether its interpretation and application of the law are correct. *State v. Tucker*, 2008 MT 273, ¶ 13, 345 Mont. 237, 190 P.3d 1080.

¶5 In its briefing, the State effectively concedes that the community caretaker doctrine does not apply to this case. We agree. Observing a vehicle parked in an open public campground on a warm spring day does not meet the doctrine's first requirement that an officer observe "objective, specific and articulable facts from which an experienced officer would suspect that a citizen is in need of help or is in peril." *State v. Lovegren*, 2002 MT 153, ¶ 25, 310 Mont. 358, 51 P.3d 471; *see also State v. Spaulding*, 2011 MT 204, ¶ 18, 361 Mont. 445, 259 P.3d 793. The State instead argues for the first time on appeal that the trooper's actions did not affect a seizure of Allison at all. We decline to address a change in legal theory that was not presented to the District Court, but raised for the first time on appeal. *State v. Knowles*, 2010 MT 186, ¶ 42, 357 Mont. 272, 239 P.3d 129; *State v. Malkuch*, 2007 MT 60, ¶ 17, 336 Mont. 219, 154 P.3d 558; *State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, 114 P.3d 269. Because we decline to address the State's change in legal theory on appeal and the community caretaker doctrine does not apply, the District Court's denial of Allison's motion to suppress must be reversed.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal does not establish new precedent or modify existing precedent.  We do not determine whether the officer acted inappropriately or whether the trooper's actions constituted a seizure.  We conclude only that the District Court's application of the community caretaker doctrine was incorrect.  Given this disposition, we do not address Allison's contention regarding certain conditions of his sentence.  We reverse and remand for further proceedings consistent with this Opinion.

                                                              /S/ BETH BAKER


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR